IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KIMBERLY HARMON, as Wrongful Death
Beneficiary of Chayse Harmon, Deceased, and
KIMBERLY HARMON, Individually                    PLAINTIFF

VERSUS                    CIVIL ACTION NO.: <u>1:24cv242HSO-RPM</u>

CITY OF OCEAN SPRINGS, MISSISSIPPI,
KENNY HOLLOWAY, Individually and as the Mayor of Ocean Springs,
Mississippi,
OCEAN SPRINGS MISSISSIPPI POLICE DEPARTMENT,
RYAN LEMAIRE, as Chief of Police, Ocean Springs, Mississippi,
JOHN DOES 1-10, Individually and as Officers of the Ocean Springs Police
Department whose names are presently unknown,
JACKSON COUNTY, MISSISSIPPI,
JACKSON COUNTY SHERIFF'S DEPARTMENT,
JOHN LEDBETTER, as Sheriff of Jackson County, Mississippi,
JOHN DOES 11-20, Individually and as Deputies of the Jackson County Sheriff's
Department, whose names are presently unknown, and
JOHN DOES 21-30, whose names are presently unknown        DEFENDANTS

## <u>AMENDED COMPLAINT</u>

### <u>Plaintiff Respectfully Requests Trial by Jury</u>

**COMES NOW** the Plaintiff KIMBERLY HARMON Individually and as

Wrongful Death Beneficiary of Chayse Harmon, Deceased, and respectfully files

this her Amended Complaint against the Defendants and would show the following

unto this Honorable Court, to-wit:

## JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1343(a), and 1387(a) and 42 U.S.C. §§ 1983, 1985, 1986.

2.      Jurisdiction of this Court for the pendent claims is authorized by Rule 18(a) and arises under the doctrine of pendent jurisdiction as set forth in *United mine Workers v. Gibbs,* 383 U.S. 715 (1966).

## VENUE

3.      Venue is proper int eh Southern (Gulfport) Division of the Southern district of Mississippi pursuant to 28 U.S.C. § 1391 since the Defendants are located or reside therein and a substantial part of the events giving rise to this cause of action occurred in Jackson County, Mississippi, in the Southern Division of the Southern District of Mississippi.

## PARTIES

4.      The Plaintiff, KIMBERLY HARMON, is an adult resident citizen of Jackson County, Mississippi, and has been such a resident citizen for more than six (6) months preceding the filing of this Complaint. The Plaintiff is the Natural Mother, and Wrongful Death Beneficiary of Chayse Harmon, Deceased. Accordingly, the Plaintiff is the exclusive beneficiary entitled to bring this cause of action under Mississippi's Wrongful Death Statute § 11-7-13. The Plaintiff is represented by Hon. Eric Tiebauer, P.O. Box 1421, Waynesboro, MS 39367.

5.    The Defendant, City of Ocean Springs, Mississippi, is a municipal corporation who may be served with process of this Honorable Court by service on its Mayor, Kenny Hollway, pursuant to M.R.C.P. 4(d)(7), at 1018 Porter Avenue, Ocean Springs, MS 39564.

6.    The Defendant, Kenny Holloway, is the Mayor of the City of Ocean Springs who may be served by personal service upon him at 1018 Porter Avenue, Ocean Springs, MS 39564.

7.    The Defendant, Ocean Springs Mississippi Police Department, is a governmental entity who may be served with process of this Honorable Court by service upon the Mayor, Kenny Holloway, 1018 Porter Avenue, Ocean Springs, MS 39564.

8.    The Defendant, Ryan Lemaire, Individually and as Chief of Police of the City of Ocean Springs, Mississippi, may be served with process of this Honorable Court by service upon him at 3810 Bienville Blvd., Ocean Springs, MS 39564.

9.    The Defendant, Jackson County, Mississippi, is a political subdivision and county of the State of Mississippi. The County acted under color of law in carrying out its official police duties through the Sheriff and deputies of the Jackson County Sheriff's Department. Jackson County, Mississippi may be served with

process upon the President of the Board of Supervisors, Ken Taylor, at 2915 Canty Street, Pascagoula, MS 39567-4239.

10.    The Defendant, Jackson County Sheriff's Department, is a political subdivision and county of the State of Mississippi. The County acted under color of law in carrying out its official police duties through its Sheriff and deputies of the Jackson County Sheriff's Department and may be served with process of this Honorable Court by service upon the Chancery Clerk, Josh Eldridge, 3104 S. Magnolia Street, Pascagoula, MS 39567.

11.    The Defendant, John Ledbetter, Individually and as Sheriff of Jackson County, Mississippi, may be served with process of this Honorable Court by service upon him at 3104 Magnolia Street, Pascagoula, MS 39567.

12.    Defendants, John Does 1-30, all whose names are presently unknown but will be substituted by amendment when ascertained are individuals who were or purported to be persons who participated in the incidents which form the basis of this lawsuit.

**FACTS AND CAUSES OF ACTION**

13.    On or about May 5, 2023, between approximately 10:33 p.m. and 10:52 p.m., Chayse Harmon was shot and killed at The Scratch Kitch in Ocean Springs, Mississippi.

14.    Prior to the fatal shooting, the Defendants, City of Ocean Springs, Mississippi, Kenny Holloway, as Mayor of Ocean Springs Mississippi, Ocean Springs Police Department, John Does 1-10, Jackson County, Mississippi, the Jackson County Sheriff's Department, John Ledbetter, as Sheriff of Jackson County, Mississippi, and John Does 11-30, were negligent for allowing a high crime area to continue unchecked and not stopped. The establishment was a known area for crime, and nothing was done to stop it or to prevent any future crime from occurring.

15.    During the event after Chayse Harmon was shot. A nurse was on the scene rendering aid to Chayse to keep his heart beating until first responders arrived. The police officers and deputies that arrived on the scene told the nurse that was rendering aid to stop and step back, causing the death of Chayse Harmon. The Defendants' actions and inactions prevented life-saving medical treatment from being provided to Chayse Harmon which resulted in his untimely death in contrast to the written statements, policies, training, and procedures of the Defendants.

16.    The conduct of the police officers was negligent, gross negligent, and intentional infliction of emotional distress, violations of Mississippi Code Annotated Section 46-11-9(1)(d), as well as negligent hiring, negligent training, and negligent supervision among other things that will be shown at trial.

17.    At all times complained herein, the City of Ocean Springs Police Officers were acting in the scope and course of their employment with the

Defendant, the City of Ocean Springs Police Department, in furtherance of the business interests of said City, under the direct supervision, authority and control of said City, under color of law, and within the scope of their duties as employees on duty of said City. The Defendants' actions and inactions prevented life-saving medical treatment from being provided to Chayse Harmon which resulted in his untimely death in contrast to the written statements, policies, training, and procedures of the Defendants.

18.    At all times complained herein, the Jackson County Sheriff's Department Deputies were acting in the scope of their employment with the Defendant, the Jackson County Sheriff's Department, in furtherance of the business interests of said County, under the direct supervision, authority and control of said Department, under color of law, and within the scope of their duties as employees on duty of said County. The Defendants' actions and inactions prevented life-saving medical treatment from being provided to Chayse Harmon which resulted in his untimely death in contrast to the written statements, policies, training, and procedures of the Defendants.

19.    Upon information and belief, the Defendants, Ocean Springs, Mississippi Police Department and John Does 1-10, failed to have in place adequate and non-ambiguous policies, training, and/or supervision relating to the proper and legal manner officers with the City of Ocean Springs Police Department conduct

themselves in interacting with the citizens of the City of Ocean Springs, Mississippi, when dealing with parties who have suffered major injuries, including gunshot wounds, and in seeking all available life-saving measures on behalf of those parties.

20.     Upon information and belief, the Defendants, Jackson County Sheriff's Department and John Does 11-20, failed to have in place adequate and non-ambiguous policies, training, and/or supervision relating to the proper and legal manner deputies with the Jackson County Sheriff's Department conduct themselves in interacting with the citizens of Jackson County, Mississippi, when dealing with parties who have suffered major injuries, including gunshot wounds, and in seeking all available life-saving measures on behalf of those parties.  The Defendants' actions and inactions prevented life-saving medical treatment from being provided to Chayse Harmon which resulted in his untimely death in contrast to the written statements, policies, training, and procedures of the Defendants.

21.     Furthermore, upon information and belief, the Defendants, Ocean Springs Police Department, Ryan Lemaire, as Chief of Police of Ocean Springs Mississippi, John Does 1-10, Jackson County, Mississippi, the Jackson County Sheriff's Department, John Ledbetter, as Sheriff of Jackson County, Mississippi, John Does 11-20 and John Does 21-30, prior to and including the events described herein, entered into and participated in practice and policies of condoning, overlooking, permitting, aiding, and assisting officers of the Ocean Springs Police

Department and deputies of the Jackson County Sheriff's Department in committing illegal, unconstitutional bad acts against the citizens, including the Plaintiff's deceased son, Chayse Harmon, while in the City of Ocean Springs Mississippi and in Jackson County, Mississippi. The Defendants' actions and inactions prevented life-saving medical treatment from being provided to Chayse Harmon which resulted in his untimely death in contrast to the written statements, policies, training, and procedures of the Defendants.

22.    As a direct, natural, and proximate result of the Defendants' intentional, malicious, and negligent acts and omission, and in particular such acts and omissions occurring on or about May 5, 2023, the Plaintiff has suffered emotional injuries of fear, stress, depression, anxiety, embarrassment, frustration, and humiliation. All of the Defendants' combined negligent, gross negligent, and/or actions, and inactions were the proximate cause of the untimely death and the wrongful death of the Plaintiff's son, Chayse Harmon.

23.    Notice of intent to sue the Defendants was properly and timely given pursuant to Mississippi Code Annotated, as amended, Section 11-46-11, and the Plaintiff has fully complied with such section.

<u>**COUNT ONE – VIOLATIONS OF 42 U.S.C. §1983 – ARREST/DETAINMENT**</u>

24.    The Plaintiff hereby incorporates each of the above paragraphs by reference.

25.    At all times relevant to the subject matter of this cause, the conduct of the Defendants was subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and acting under the color of law, Defendant's denied the Plaintiff's deceased son, Chayse Harmon, his rights, privileges and/or immunities secured by the United States Constitution and federal law by:

A.)    Depriving the Plaintiff's son, Chayse Harmon, of his liberty without due process of law by taking him into custody and holding him against his will while he needed life-saving medical treatment.

B.)    By making unreasonable searches and seizures of the Plaintiff's son, Chayse Harmon's property and/or person without due process of law.

C.)    By conspiring for the purpose of impeding and hindering the due course of justice with intent to deny the Plaintiff's son, Chayse Harmon, equal protection of the laws, including his right to life-saving medical treatment; and,

D.)    By refusing or neglecting to prevent such privations and denials to the Plaintiff's son, Chayse Harmon, thereby depriving him of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteen Amendments to the Constitution of the United States.

## COUNT TWO – VIOLATIONS OF 42 U.S.C. §1983 – DETENTION AND CONFINEMENT

26.    The Plaintiff hereby incorporates each of the above paragraphs by reference.

27.    As a result of the concerted unlawful and malicious detention and confinement of the Plaintiff's son, Chayse Harmon, the Defendants deprived the Plaintiff's son of his right to liberty without due process of law and right to equal protection of the laws, including his right to life-saving medical treatment, thereby impeding the due course of justice in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 11 U.S.C. § 1983.

<u>**COUNT THREE – VIOLATIONS OF 42 U.S.C. §1983 – REFUSING OR NEGLECTING TO PREVENT**</u>

28.    The Plaintiff hereby incorporates each of the above paragraphs by reference.

29.    At all times relevant to the subject matter of this cause, the Defendants were acting under the direction, control, instance, request, and authority of the City of Ocean Springs, Mississippi, Kenny Holloway, Mayor of Ocean Springs, Mississippi, Ocean Springs Mississippi Police Department, Ryan Lemaire, Chief of Police of Ocean Springs, Mississippi, Jackson County, Mississippi, the Jackson County Sheriff's Department, John Ledbetter, Sheriff of Jackson County, Mississippi, and John Does 1-30.

30.    Acting under color of law and pursuant to official and/or unofficial policy and/or customs, the Defendants, the City of Ocean Springs, Mississippi, Kenny Holloway, Mayor of Ocean Springs, Mississippi, Ocean Springs Mississippi Police Department, Ryan Lemaire, Chief of Police of Ocean Springs, Mississippi,

Jackson County, Mississippi, the Jackson County Sheriff's Department, John Ledbetter, Sheriff of Jackson County, Mississippi, and John Does 1-30, knowingly, reckless, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the officers of the Ocean Springs Mississippi Police Department and the deputies of the Jackson County Sheriff's Department, and Defendants 1-30, in performance of their duties to refrain from the following:

A.)    Unlawfully and maliciously arresting, imprisoning, detaining, prosecuting, and denying life-saving medical care to citizens, including the Plaintiff's son, Chayse Harmon, who acted within accordance of his constitutional and statutory rights, privileges, and immunities.

B.)    Conspiring to violate the rights, privileges, and immunities guaranteed to the Plaintiff's son, Chayse Harmon, including his right to life-saving medical treatment, by the United States Constitution and the laws of the United States and the laws of the State of Mississippi; and,

C.)    Depriving the Plaintiff's deceased son, Chayse Harmon, of his constitutional and statutory rights, privileges, and immunities otherwise.

31.    The Defendants knew or should have known that if they had diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis that the wrongs being done and conspired to be done were being inflicted upon the Plaintiff's son, Chayse Harmon, and other citizens of the City of Oceans Springs

Mississippi and Jackson County, Mississippi, could have been avoided and prevented. The Defendants, City of Ocean Springs, Mississippi, Kenny Holloway as Mayor of Ocean Springs Mississippi, the Ocean Springs Mississippi Police Department, Ryan Lemaire, Chief of Police of Ocean Springs, Mississippi, Jackson County, Mississippi, the Jackson County Sheriff's Department, John Ledbetter, Sheriff of Jackson County, Mississippi, and John Does 1-30, had the power to prevent or aid in preventing the commission of said wrongs and could have prevented the wrongs from being committed on the Plaintiff's son, Chayse Harmon, including his wrongful death, by reasonable diligence, but they knowingly, recklessly, or with gross negligence failed or refused to do so.

32.    The Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the City of Ocean Springs, Mississippi, the Ocean Springs Police Department, Jackson County, Mississippi, and the Jackson County Sheriff's Department, their officers, deputies, and other personnel.

33.    The Defendants, City of Ocean Springs, Mississippi, Kenny Holloway as Mayor of Ocean Springs Mississippi, the Ocean Springs Mississippi Police Department, Ryan Lemaire, Chief of Police of Ocean Springs, Mississippi, Jackson County, Mississippi, the Jackson County Sheriff's Department, John Ledbetter, Sheriff of Jackson County, Mississippi, and John Does 1-30, failed to provide the

Ocean Springs Mississippi Police Department and the Jackson County Sheriff's Department officers, deputies, and employees with adequate supervision and/or training and failed to enact or adopt consistent and unambiguous policies related to the medical care and treatment of suspects, reasonable search or investigation, the appropriate use of force, and/or failed to adequately train or instruct Ocean Springs Mississippi Police Department officers and Jackson County Sheriff's Department deputies concerning such policies and/or failed to adequately enforce such policies or to adequately supervise those individuals carrying out such duties. Such failure constitutes a deliberate indifference to the known and/or obvious need for proper supervision, training, enactment, or enforcement of adequate policies and the likely harm to members of the public, including the Plaintiff's son, Chayse Harmon, as a result.

34.    The Defendants, City of Ocean Springs, Mississippi, Kenny Holloway as Mayor of Ocean Springs Mississippi, the Ocean Springs Mississippi Police Department, Ryan Lemaire, Chief of Police of Ocean Springs, Mississippi, Jackson County, Mississippi, the Jackson County Sheriff's Department, John Ledbetter, Sheriff of Jackson County, Mississippi, and John Does 1-30 had in place written or unwritten policies, practices, and/or customs which encouraged, enabled and/or allowed the City's officers/employees and the County's deputies/employees, to act with deliberate indifference to the constitutional rights of individuals.

35.    Pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution, all the Defendants are jointly and severally liable for the violation of the civil and constitutional rights of the Plaintiff's deceased son, Chayse Harmon.

## COUNT FOUR – VIOLATIONS OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

36.    The Plaintiff hereby incorporates each of the above paragraphs by reference.

37.    As a direct result of the actions and inactions of the Defendants, the Plaintiff's son, Chayse Harmon, was deprived of both his liberty without due process of law and his right to equal protection of the law, including the right to life-saving medical treatment, and the due and proper course of justice was impeded in violation of the Fifth and Fourteen Amendments of the United States Constitution and 42 U.S.C. §§ 1983 and 1985.

## COUNT FIVE – VIOLATIONS OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

38.    The Plaintiff hereby incorporates each of the above paragraphs by reference.

39.    During the time of the Plaintiff's son, Chayse Harmon's, detention by the Defendants, the Plaintiff's son was subjected to improper searches and interrogation without due process of law and his right to protection of the laws, and

the due course of justice was impeded in violation of the Fourth, Fifth, Nineth, and

Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

**COUNT SIX – CLAIM FOR INFLICTION OF
UNNECESSARY AND EXCESSIVE FORCE**

40.     The Plaintiff hereby incorporates each of the above paragraphs by

reference.

41.     The Defendants, acting in their individual capacities and under color of

law with callous disregard and/or malicious intent violated the Plaintiff's son,

Chayse Harmon's, well established right to be free from the use of unnecessary and

excessive force pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the

United States Constitution by illegally detaining and/or arresting the Plaintiff's son,

Chayse Harmon, when he posed no physical threat, was in no way resisting arrest,

and was not in violation of any law – and further by denying the Plaintiff's son

necessary life-saving medical care and by preventing trained medical professionals

from performing medical care upon the Plaintiff's son, Chayse Harmon, which

resulted in his wrongful death.

**COUNT SEVEN – VIOLATIONS OF THE
MISSISSIPPI TORT CLAIMS ACT §11-46-1, ET SEQ.**

42.     The Plaintiff hereby incorporates each of the above paragraphs by

reference.

43.     The Defendants, Ocean Springs Mississippi Police Department, acting by and through its Chief of Police, Ryan Lemaire, and John Does 1-10, as employees of the Ocean Springs Mississippi Police Department, under color of state law, failed to perform critical life-saving medical care to the Plaintiff's son, Chayse Harmon, and interfered with other trained medical professionals from performing life-saving medical care to Chayse Harmon which ultimately resulted in his untimely death and wrongful death, all of which is in contradiction to the standards of law enforcement officer training.

44.     The Defendants, Jackson County Sheriff's Department, John Ledbetter, as Sheriff of Jackson County, Mississippi, and John Does 11-20, as employees of the Jackson County Sheriff's Department, under color of state law, failed to perform critical life-saving medical care to the Plaintiff's son, Chayse Harmon, and interfered with other parties performing life-saving medical care to Chayse Harmon which ultimately resulted in his untimely death and wrongful death, all of which is in contradiction to the standards of law enforcement office training.

45.     The Defendants, City of Ocean Springs, Mississippi, Kenny Holloway, Individually and as the Mayor of the City of Ocean Springs, Mississippi, Jackson County, Mississippi, and John Does 21-30, as employees and/or agents of the City of Ocean Springs, Mississippi, failed to protect the Plaintiff's son, Chayse Harmon,

from harm by neglecting to check on, stop, and prevent future crimes from occurring at an area well known for crimes.

## COUNT EIGHT – INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

46.    The Plaintiff hereby incorporates each of the above paragraphs by reference.

47.    All Defendants herein have intentionally and deliberately inflicted emotional distress on the Plaintiff, by failing to perform critical life-saving medical care to her son, Chayse Harmon, by interfering with other parties performing life-saving medical care to Chayse Harmon which ultimately resulted in his untimely death, and by their negligent training and supervision of their employees. The Plaintiff has suffered emotional distress over the untimely death and wrongful death of her son, Chayse Harmon, due to the intentional actions and intentional inactions of the Defendants herein.

## COUNT NINE – NEGLIGENT
## INFLICTION OF EMOTIONAL DISTRESS

48.    The Plaintiff hereby incorporates each of the above paragraphs by reference.

49.    The Defendants, City of Ocean Springs Mississippi, Kenny Holloway, as Mayor of Ocean Springs Mississippi, the Ocean Springs Mississippi Police Department, Ryan Lemaire, as Chief of Police of Ocean Springs Mississippi,

Jackson County, Mississippi, the Jackson County Sheriff's Department, John Ledbetter, as Sheriff of Jackson County Mississippi, and John Does 1-30, had an affirmative duty to ensure that their officers were properly trained and supervised, including but not limited to, providing critical life-saving care for gunshot wound victims. However, these Defendants neglected their duties and negligently inflicted emotional distress on the Plaintiff. The negligent breach of their respective duties caused the Plaintiff emotional distress.

## COUNT TEN – GENERAL NEGLIGENCE

50.    The Plaintiff hereby incorporates each of the above paragraphs by reference.

51.    The Defendants, City of Ocean Springs Mississippi, Kenny Holloway as Mayor Ocean Springs Mississippi, the Ocean Springs Mississippi Police Department, Ryan Lemaire, as Chief of Police of Ocean Springs Mississippi, Jackson County, Mississippi, the Jackson County Sheriff's Department, John Ledbetter, as Sheriff of Jackson County Mississippi, John Does 1-30, had a duty to supervise and train their law enforcement officers and to take steps to prevent events such as occurred in this case – the wrongful and untimely death of the Plaintiff's son, Chayse Harmon, and the intentional infliction of emotional distress she has endured. These Defendants owed a duty to the Plaintiff and her deceased son, Chayse Harmon, but the Defendants wholly breached the standard of ordinary care required

of them to properly supervise their employees, agents, officers, deputies and subordinates and were negligent in doing so. As a direct result of these breaches, the Plaintiff has suffered damages from the Defendants, jointly and severally.

## COUNT ELEVEN – GROSS NEGLIGENCE

52.    The Plaintiff hereby incorporates each of the above paragraphs by reference.

53.    The Defendants, City of Ocean Springs Mississippi, Kenny Holloway as Mayor Ocean Springs Mississippi, the Ocean Springs Mississippi Police Department, Ryan Lemaire, as Chief of Police of Ocean Springs Mississippi, Jackson County, Mississippi, the Jackson County Sheriff's Department, John Ledbetter, as Sheriff of Jackson County Mississippi, John Does 1-30, had a duty to supervise and train their law enforcement officers and to take steps to prevent events such as occurred in this case – the wrongful and untimely death of the Plaintiff's son, Chayse Harmon, and the intentional infliction of emotional distress she has endured. These Defendants owed a duty to the Plaintiff and her deceased son, Chayse Harmon, but the Defendants wholly breached the standard of ordinary care required of them to properly supervise their employees, agents, officers, deputies and subordinates and were grossly negligent in doing so. As a direct result of these breaches, the Plaintiff has suffered damages from the Defendants, jointly and severally.

## COUNT ELEVEN – VIOLATIONS OF STATE
## CONSTITUTIONAL RIGHTS

54.     The Plaintiff hereby incorporates each of the above paragraphs by reference.

55.     The Defendants violated the Plaintiff's son's Constitutional rights, specifically the right not to be deprived of critical life-saving medical care and the Defendants subjected the Plaintiff's son, Chayse Harmon, to cruel and unusual punishment by stopping the medical care he was receiving from a nurse which ultimately resulted in his untimely and wrongful death. The Plaintiff suffered damages from the Defendants' breach of their duty to comply with and uphold the Mississippi State Constitution.

## COUNT TWELVE – VICARIOUS LIABILITY

56.     The Plaintiff hereby incorporates each of the above paragraphs by reference.

57.     The Defendants, City of Ocean Springs Mississippi, Kenny Holloway, as the Mayor of Ocean Springs Mississippi, the Ocean Springs Mississippi Police Department, Ryan Lemaire, as Chief of Police of the City of Ocean Springs, Mississippi, Jackson County, Mississippi, the Jackson County Sheriff's Department, John Ledbetter, as Sheriff of Jackson County, Mississippi, and John Does 1-30, in addition to their own individual liabilities, are liable for the acts and omissions of their employees, agents, officers, and deputies under the doctrine of *respondeat*

*superior*. The Defendants' failure to properly supervise and train their employees was the proximate cause of the Plaintiff's son's untimely and wrongful death.

## DAMAGES

58.     The Plaintiff hereby incorporates each of the above paragraphs by reference.

59.     As a direct and proximate cause of the negligent and intentional acts of the Defendants as set forth herein, Chayse Harmon sustained severe and permanent physical injuries as well as emotional distress. Said injuries resulted in the untimely and wrongful death of the Plaintiff's son, Chayse Harmon. The Plaintiff has suffered pain and suffering, severe mental anguish, fear, stress, depression, anxiety, embarrassment, frustration, and humiliation and injury, past, present and future as well as permanent in connection with the deprivation of her son's wrongful death due the negligent and intentional acts of the Defendants by failing to protect his constitutional and statutory rights guaranteed by the United States Constitution, Mississippi State Constitution, and Federal law.

60.     Based on the foregoing allegations, the Plaintiff demands all damages recoverable against the Defendants under the "Mississippi Wrongful Death Act," as cited in Mississippi Code Section 11-7-13, for the injuries inflicted upon Chayse Harmon, including but not limited to, loss of society, mental pain and suffering,

medical and funeral expenses, and for any such further relief the Court deems just and proper.

61.    Furthermore, the Plaintiffs herein demand all damages recoverable against the Defendants under Mississippi Code Section 91-7-23 for survival actions, and all damages available for the individual claims of the Wrongful Death beneficiaries of Chayse Harman, Deceased.

62.    The Plaintiff demands all interest, pre and post-judgment, pursuant to Mississippi Code Section 75-17-7.

63.    The Defendants' gross misconduct, acts and omissions, as set forth above, demonstrate actual malice or gross negligence that evinces willful, wanton, or reckless disregard for the safety of Chayse Harmon and thus warrants the imposition of punitive damages as contemplated by Mississippi Code Section 11-1-65.

64.    The Plaintiff is entitled to recover all of her injuries, losses, and damages suffered, both economic and non-economic, of, from, and against the Defendants, jointly, severally, and/or vicariously, as appropriate in the circumstances.

## **PRAYER FOR RELIEF**

65.    The Plaintiff, Kimberly Harmon, as wrongful death beneficiary of Chayse Harmon, deceased, requests that process be issued in accordance with law

to the Defendants and that Plaintiff be granted a jury trial and judgment from, of, and against the Defendants as follows, to-wit:

A.)    Reasonable compensatory damages from and against each of the Defendants, individually, jointly, severally, and/or vicariously, as appropriate in the circumstances.

B.)    Punitive damages from, of, and against each of the individual Defendants, jointly and severally.

C.)    Plaintiffs' costs of court, including reasonable attorney fees and expenses pursuant to state law.

D.)    Pre-judgment and post-judgment interest at the maximum lawful rate from the date of filing of this complaint until paid in full.

E.)    General relief.

Respectfully submitted, this 9th day of September 2024, A.D.

KIMBERLY HARMON, as
Wrongful Death Beneficiary
of Chayse Harmon, Deceased

/s/Eric Tiebauer, MSB# 9881
BY:    Eric Tiebauer, MSB# 9881

Eric Tiebauer, MSB# 9881
The Tiebauer Law Offices, LLC
P.O. Box 1421
Waynesboro, MS 39367
Phone: 601.735.5222
Fax: 601.735.5008
Email: tiebauer@att.net