IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLY HARMON, *Individually and as Wrongful Death Beneficiary of Chayse Harmon, Deceased* | § § § § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:24-cv-242-HSO-RPM |
| | § | |
| | § | |
| CITY OF OCEAN SPRINGS, MISSISSIPPI, et al. | § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART OCEAN SPRINGS DEFENDANTS' MOTION [15]
TO DISMISS, AND DENYING PLAINTIFF'S MOTION [21]
FOR DISCOVERY ON QUALIFIED IMMUNITY
AND TO REBUT REQUEST FOR SANCTIONS**

In this case arising under 42 U.S.C. § 1983, Defendants City of Ocean

Springs, Mississippi; Kenny Holloway; Ocean Springs Mississippi Police

Department; and Ryan Lemaire seek dismissal of Plaintiff Kimberly Harmon's

Amended Complaint [3] for failure to state a claim and based upon qualified and

sovereign immunity. *See* Mot. [15]. They also seek an award of attorney's fees,

costs, and expenses pursuant to Federal Rule of Civil Procedure 11. *See* Mem. [16]

at 12. Plaintiff responded with a Motion [21] for Limited Discovery on Qualified

Immunity and to Rebut Request for Sanctions. *See* Mot. [21]. That Motion [21]

should be denied, and the Motion [15] to Dismiss should be granted in part and

denied in part.

# I. BACKGROUND

## A. Factual Background

In May 2023, Plaintiff Kimberly Harmon's ("Plaintiff" or "Ms. Harmon") son, Chayse Harmon ("Chayse"), was tragically shot and killed by an unnamed individual at an establishment known as The Scratch Kitchen in Ocean Springs, Mississippi.   Am. Compl. [3] at 4.   No factual information is provided concerning the events surrounding the shooting, although Plaintiff does allege that the "establishment was a known area for crime."   *Id.* at 5.

After Chayse was shot, a nurse who happened to be present rendered aid "to keep his heart beating until first responders arrived."   *Id.*   But Plaintiff claims that once police officers and deputies arrived on scene, they "told the nurse . . . to stop and step back," which "prevented life-saving medical treatment from being provided," resulting in Chayse's death, "in contrast to the written statements, policies, training, and procedures of the Defendants."   *Id.*

According to the Amended Complaint [3], prior to the fatal shooting, Defendants City of Ocean Springs, Mississippi (the "City"); Kenny Holloway, Mayor of Ocean Springs Mississippi ("Mayor Holloway"); Ocean Springs Police Department ("OSPD"); Jackson County, Mississippi (the "County"); the Jackson County Sheriff's Department (the "Sheriff's Department"); John Ledbetter, Sheriff of Jackson County, Mississippi ("Sheriff Ledbetter"); and John Does 1-30, "were negligent for allowing a high crime area to continue unchecked and not stopped."   *Id.* at 5.

The Amended Complaint [3] alleges that OSPD; OSPD Chief of Police Ryan Lemaire ("Chief Lemaire"); the County; the Sheriff's Department; Sheriff Ledbetter;[1] and John Does 1-30,

> prior to and including the events described herein, entered into and participated in practice and policies of condoning, overlooking, permitting, aiding, and assisting officers of the [OSPD] and deputies of the Jackson County Sheriff's Department in committing illegal, unconstitutional bad acts against the citizens, including the Plaintiff's deceased son, Chayse Harmon, while in the City of Ocean Springs Mississippi and in Jackson County, Mississippi.

*Id.* at 7-8.   Plaintiff contends that "[a]ll of the Defendants' combined negligent, gross negligent, and/or actions, and inactions were the proximate cause of the untimely death and the wrongful death" of Chayse.   *Id.* at 8.

B.   <u>Procedural History</u>

Proceeding individually and as a wrongful death beneficiary of Chayse, Plaintiff filed suit in this Court, *see* Compl. [1] at 1, and amended her pleadings on September 10, 2024, *see* Am. Compl. [3] at 1.[2]   The Amended Complaint [3] advances claims for violations of 42 U.S.C. §§ 1983, 1985, and 1986, and state-law claims for intentional and negligent infliction of emotional distress, general negligence, gross negligence, and vicarious liability, and for violation of rights under the Mississippi Constitution.   *Id.* at 8-21.

---

[1]   The Sheriff's Department and Sheriff Ledbetter have both been dismissed.   *See* Agreed Order [28]; Order [14].

[2]   Plaintiff filed a Second Amended Complaint [5] without leave of Court on October 24, 2024, *see* 2d Am. Compl. [5], which was stricken, *see* Text Order, Oct. 25, 2024.   The Amended Complaint [3] thus remains the operative pleading.   *See id.*

The City, Mayor Holloway, OSPD, and Chief Lemaire ("Ocean Springs Defendants") invoke qualified immunity, state-law immunity, the public duty doctrine, failure to establish municipal liability, and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).    Mot. [15] at 1-2; Mem. [16] at 3-12. They also seek an award of attorney's fees, costs, and expenses pursuant to Federal Rule of Civil Procedure 11.    Mem. [16] at 12.    Alternatively, they "request they be awarded costs and attorney's fees pursuant to 42 U.S.C. § 1988, as this Court may deem appropriate."    *Id.*    Ocean Springs Defendants state that, as a matter of public record, Chief Lemaire was not even Chief of OSPD at the time of the shooting, *see id.* at 6 n.1; Reply [24] at 2-3, demonstrating "Plaintiff counsel's complete lack of pre-suit investigation," Reply [24] at 3.

Plaintiff opposes the Motion [15], arguing that the Amended Complaint [3] plausibly alleges claims against Ocean Springs Defendants, *see* Resp. [19] at 1-3; Mem. [20] at 6-24, and that the Motion [15] was untimely, *see* Mem. [20] at 24. Rule 12(a) requires a defendant to answer within 21 days after being served, *see* Fed. R. Civ. P. 12(a)(1)(A)(i), and Ocean Springs Defendants received an extension of time, making their "answer or other responsive pleading" due by December 2, 2024, Text Order, Nov. 19, 2024.    It was on that deadline, before they filed an answer, that they filed their Motion [15].    *See* Mot. [15].    So the filing was timely and complied with Rule 12(b).    *See id.*; Fed. R. Civ. P. 12(b).

In her separate Motion [21] for Limited Discovery on Qualified Immunity and to Rebut Request for Sanctions, Plaintiff states that while Ocean Springs

4

Defendants "state in their motion that the Plaintiff fails to adequately plead sufficient facts to support any *Monell* claim including by not identifying individual Officers," they "are in control of this information and no discovery has been conducted in this matter." Mem. [22] at 1. Alternatively, she asks the Court to defer ruling until the conclusion of this proceeding and asserts that "[a]ccess to discovery, even if limited, is respectfully requested in order for the Plaintiff to adequately respond to the Defendants' allegations of frivolous professional conduct." *Id.* at 6.

## II.  DISCUSSION

### A.  Plaintiff's Motion [21] for Limited Discovery

To the extent Plaintiff seeks limited discovery, the United States Court of Appeals for the Fifth Circuit has instructed that "when deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint." *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008). When a defendant invokes qualified immunity, any narrowly-tailored discovery on that issue "must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995). Simply put, "[w]here public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion. It may not permit discovery against the immunity-asserting defendants before it rules on their defense." *Carswell v. Camp*, 54 F.4th 307, 311

(5th Cir. 2022).    The "careful procedure" of narrowly-tailored discovery only applies after "the plaintiff has pleaded facts which, if true, would overcome the defense of qualified immunity."    *Id.* (quotations omitted).

Because the Court's resolution of the current Motion [15] to Dismiss is necessarily limited to the pleadings, discovery is not necessary in order for Plaintiff to respond.    *See Sw. Bell Tel., LP*, 529 F.3d at 263.    Nor can the Court permit any discovery on qualified immunity until it determines whether Plaintiff has pleaded facts which, if taken as true, would overcome immunity.    *See Carswell*, 54 F.4th at 311; *Wicks*, 41 F.3d at 994.    For these reasons, Plaintiff's present request for discovery should be denied.    *See Carswell*, 54 F.4th at 311; *Sw. Bell Tel., LP*, 529 F.3d at 263; *Wicks*, 41 F.3d at 994.    To the extent Plaintiff seeks discovery prior to any award of sanctions and attorney's fees, this request is rendered moot because Ocean Springs Defendants' request for sanctions and fees will be denied as premature.

B.    <u>Ocean Springs Defendants' Motion [15] to Dismiss</u>

1.    <u>Rule 12(b)(6) Standard</u>

Under Rule 12(b)(6), a claim should be dismissed when a plaintiff has not alleged sufficient facts to state a claim for relief that is plausible on its face.    *See Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 290 (5th Cir. 2016); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).    A court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff.    *See Shakeri*, 816 F.3d at 290.    "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual contentions, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017) (quotation omitted).

2.    Plaintiff's Claims against OSPD

The capacity of the OSPD to be sued is determined according to Mississippi law. *See* Fed. R. Civ. P. 17(b)(3). In Mississippi, a police department is not considered a separate legal entity which may be sued; instead, it is an extension of the City. *See Jackson v. City of Gulfport*, No. 1:16CV420-LG-RHW, 2017 WL 651956, at *2 (S.D. Miss. Feb. 16, 2017) (citing Miss. Code Ann. §§ 21-17-1(1), 21-21-1; *Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006)). Plaintiff does not and cannot persuasively contest this characterization of OSPD's status. *See* Resp. [19]; Mem. [20]. Because OSPD is not a juridical entity capable of being sued, Plaintiff's claims against it should be dismissed with prejudice; her claims are more properly brought against the City of Ocean Springs. *See Nordstrom v. City of McComb*, No. 5:22-CV-00077-DCB-LGI, 2024 WL 1977148, at *3 (S.D. Miss. May 3, 2024); *Brown*, 927 So. 2d at 737.

3.    Plaintiff's § 1983 Official Capacity Claims against Mayor Holloway and Chief Lemaire

Similarly, suits against officers in their official capacities are tantamount to suits against the municipality.    *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978).    Because the City is a party to this case, the official capacity claims against Mayor Holloway and Chief Lemaire are redundant of those against the City and should also be dismissed.    *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010); *Tinoco v. City of Hidalgo*, No. 23-40543, 2025 WL 655079, at *8 (5th Cir. Feb. 28, 2025).

4.    Plaintiff's § 1983 Individual Capacity Claims against Mayor Holloway and Chief Lemaire

a.    Qualified Immunity

Mayor Holloway and Chief Lemaire invoke qualified immunity, *see* Mot. [15] at 1, which is an immunity from suit rather than a mere defense to liability, *see Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009).    When a defendant invokes qualified immunity, "the court has an obligation to carefully scrutinize the complaint before subjecting public officials to the burdens of broad-reaching discovery."    *Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263-64 (5th Cir. 2019) (quotations and alterations omitted).

Qualified immunity shields officials from money damages "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."    *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).    A "defendant is entitled

to qualified immunity if his 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"    *Longoria*, 942 F.3d at 264 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Under § 1983, supervisory officials are not liable for the actions of subordinates based upon a theory of vicarious liability.    *Hicks v. LeBlanc*, 81 F.4th 497, 504 (5th Cir. 2023); *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001).    "Thus, a supervisory official may be held directly liable only if he affirmatively participates in the acts that cause the constitutional deprivation." *Hicks*, 81 F.4th at 504-05 (quotation omitted).    A supervisor not personally involved in the acts depriving an individual of constitutional rights may be held liable under § 1983 if he implements unconstitutional policies that causally result in the injury.    *Gates v. Texas Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).    So, when considering a Rule 12(b)(6) challenge, a plaintiff who alleges liability on the part of supervisory officials "must adequately plead facts showing that (1) the official participated in acts that caused constitutional deprivation or (2) implemented unconstitutional policies causally related to his injuries."    *Damond v. City of Rayville*, 127 F.4th 935, 938 (5th Cir. 2025) (quotation omitted).

> A supervisor may also be liable for failure to supervise or train if (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.

*Hicks*, 81 F.4th at 505 (quotation omitted).

9

Finally, a supervisory official may be held liable for failure to adopt policies "if that failure causally results in a constitutional injury." *Crittindon v. LeBlanc*, 37 F.4th 177, 186 (5th Cir. 2022). But liability only arises when the official acts, or fails to act, with deliberate indifference, which means "disregard for a known or obvious consequence of [the official's] action." *Id.* (quotation and alterations omitted). The official must have had actual or constructive notice that the failure to adopt the policy in question would result in the violation of constitutional rights, which "typically requires showing notice of a pattern of similar constitutional violations due to deficient policies." *Id.* (quotation and alterations omitted).

b.   <u>Analysis</u>

The Amended Complaint [3] generally refers to all "Defendants" collectively, without specifying which Defendant engaged in particular conduct. *See* Am. Compl. [3] at 5-15. As a threshold matter, conclusory allegations lumping all "Defendants" together are insufficient to state a claim against Mayor Holloway or Chief Lemaire in their individual capacities or to overcome their qualified immunity. *See, e.g., Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (holding that "a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity"); *Tilman v. Clarke Cnty.*, 514 F. Supp. 3d 884, 892 (S.D. Miss. 2021) ("This Court has previously dismissed § 1983 claims against individual

defendants when a plaintiff failed to include any particularized factual allegations." (collecting cases)).

There are no factual contentions that Mayor Holloway or Chief Lemaire personally participated in the acts that led to the constitutional harms alleged here, or that these Defendants were otherwise personally involved in them.   Instead, it appears that Plaintiff is seeking to hold Mayor Holloway and Chief Lemaire liable on a theory of *respondeat superior*, but they are not liable for the actions of subordinates under § 1983.   *See Hicks*, 81 F.4th at 504; *Thompson*, 245 F.3d at 459.   To the extent Plaintiff seeks to impose vicarious liability on Mayor Holloway or Chief Lemaire, the Amended Complaint [3] fails to state a § 1983 claim against them.   *See Hicks*, 81 F.4th at 504; *Thompson*, 245 F.3d at 459.

As for their own conduct, the Amended Complaint [3] claims that Chief Lemaire and other Defendants "entered into and participated in practice and policies of condoning, overlooking, permitting, aiding, and assisting officers of the [OSPD] . . . in committing illegal, unconstitutional bad acts against the citizens, including the Plaintiff's deceased son, Chayse . . . ."   Am. Compl. [3] at 7.   But these vague and conclusory allegations lack any factual explication and are insufficient to state a claim for relief against Chief Lemaire or overcome his qualified immunity.   *See id.*

Nor does the Amended Complaint [3] contain sufficient factual detail to plausibly show that, as supervisors, Mayor Holloway or Chief Lemaire failed to train or supervise the officers involved, that there was a causal connection between

any such failure to train or supervise and the alleged violation of rights, or that the

failure to train or supervise constituted deliberate indifference.    *See Thompson*,

245 F.3d at 459.    Plaintiff offers only conclusory assertions that all Defendants

"failed to provide the Ocean Springs Mississippi Police Department . . . with

adequate supervision and/or training and failed to enact or adopt consistent and

unambiguous policies related to the medical care and treatment of suspects," and

that they "failed to adequately train or instruct Ocean Springs Mississippi Police

Department officers . . . concerning such policies and/or failed to adequately enforce

such policies or to adequately supervise those individuals carrying out such duties."

Am. Compl. [3] at 12-13.    This is insufficient to state a claim.    *See id.*; *Turner*, 848

F.3d at 685.

In sum, the Amended Complaint [3] fails to state a claim under § 1983 as to

Mayor Holloway or Chief Lemaire in their individual capacities, or to overcome

their qualified immunity, and these claims should be dismissed.

5.    Plaintiff's § 1983 Municipal Liability Claims against the City

a.    Municipal Liability under § 1983

Because recovery cannot be predicated upon a theory of *respondeat superior*,

to state a § 1983 claim against the City, "the unconstitutional conduct must be

directly attributable to the municipality through some sort of official action or

imprimatur; isolated unconstitutional actions by municipal employees will almost

never trigger liability."    *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.

2001) (footnote omitted).    Plaintiff must show "(1) an official policy (or custom), of

which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Newbury v. City of Windcrest*, 991 F.3d 672, 680 (5th Cir. 2021) (quotations omitted).    The existence of an official policy or custom can be shown either through evidence of "an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policy-making authority," or by showing that there is a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.* at 680-81 (quotations omitted).    "Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability."    *Piotrowski*, 237 F.3d at 581 (quotation omitted).

In the failure-to-train context, a § 1983 plaintiff must show: "(1) the training or hiring procedures of the municipality's policymaker were inadequate; (2) the municipality's policymaker was deliberately indifferent in adopting the hiring or training policy; and (3) the inadequate hiring or training policy directly caused the plaintiff's injury."    *Langiano v. City of Fort Worth*, 131 F.4th 285, 294 (5th Cir. 2025) (quotation omitted).    The focus of the inquiry must be on a training program's adequacy as to the tasks the particular officers must perform, and "[t]he inadequacy of training must be closely related to the injury."    *Pineda v. City of Houston*, 291 F.3d 325, 332 (5th Cir. 2002).    In other words, "defects in a particular

training program must be specifically alleged." *Hutcheson v. Dallas Cnty.*, 994 F.3d 477, 482 (5th Cir. 2021) (quotation omitted).

A plaintiff must demonstrate that, in light of the duties assigned to specific officers or employees, "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Valle v. City of Houston*, 613 F.3d 536, 547 (5th Cir. 2010) (quotation omitted). "Deliberate indifference is a stringent standard, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* (quotations omitted). It is "more than negligence or even gross negligence." *Id.* To survive a Rule 12(b)(6) challenge, "plaintiffs must cite sufficiently numerous prior incidents, each of which includes specific facts that are sufficiently similar to those alleged here." *Verastique v. City of Dallas*, 106 F.4th 427, 432 (5th Cir.), *cert. denied*, 145 S. Ct. 772 (2024).

Finally, to support a § 1983 claim based upon a municipality's failure to adopt a policy, "[i]t is well-established that municipalities can be liable for their failure to adopt policies if the omission amounts to an intentional choice." *J. T. v. Uplift Educ.*, No. 23-10773, 2024 WL 5118486, at *8 (5th Cir. Dec. 16, 2024) (per curiam) (citing *City of Canton v. Harris*, 489 U.S. 378, 387 (1989)). "Liability for failure to promulgate policy and failure to train or supervise both require that the defendant have acted with deliberate indifference." *Damond v. City of Rayville*, 127 F.4th 935, 938 (5th Cir. 2025) (quotation omitted).

To sufficiently allege deliberate indifference for failure to train, "a plaintiff normally must allege a pattern of similar constitutional violations by untrained employees." *Hutcheson*, 994 F.3d at 482 (quotation omitted). There is an "extremely narrow" single-incident exception if a plaintiff shows the highly predictable consequence of a failure to train would result in the specific injury suffered, but this exception is generally reserved for cases where the actor was provided no training whatsoever with respect to the relevant constitutional duty. *Id.* (quotation omitted); *see Monacelli v. City of Dallas*, No. 24-10067, 2024 WL 4692025, at *2 (5th Cir. Nov. 6, 2024) (per curiam).

b.  Analysis

The Amended Complaint [3] asserts that the establishment where Chayse was shot was a "known area for crime," but "nothing was done to stop it or to prevent any future crime from occurring." Am. Compl. [3] at 5. And the City was "*negligent* for allowing a high crime area to continue unchecked and not stopped." *Id.* (emphasis added). As for the officers who allegedly caused the nurse to cease life-saving aid, "Defendants' actions and inactions prevented life-saving medical treatment from being provided to Chayse Harmon which resulted in his untimely death *in contrast to* the written statements, policies, training, and procedures of the Defendants." *Id.* (emphasis added); *see id.* at 6 (same).

According to the pleadings, the officers' conduct was the result of "negligent hiring, negligent training, and negligent supervision." *Id.* at 5. Plaintiff claims that the City failed to provide the OSPD's officers and employees

15

with adequate supervision and/or training and failed to enact or adopt consistent and unambiguous policies related to the medical care and treatment of suspects, reasonable search or investigation, the appropriate use of force, and/or failed to adequately train or instruct Ocean Springs Mississippi Police Department officers . . . concerning such policies and/or failed to adequately enforce such policies or to adequately supervise those individuals carrying out such duties.   Such failure constitutes a deliberate indifference to the known and/or obvious need for proper supervision, training, enactment, or enforcement of adequate policies and the likely harm to members of the public, including the Plaintiff's son, Chayse Harmon, as a result.

*Id.* at 13.

The Amended Complaint [3] further maintains that the City "had in place written or unwritten policies, practices, and/or customs which encouraged, enabled and/or allowed the City's officers/employees . . . to act with deliberate indifference to the constitutional rights of individuals."   *Id.*   Acting "pursuant to official and/or unofficial policy and/or customs," the City "knowingly, reckless[ly], or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the officers of the [OSPD]" in the performance of their duties to refrain from:

A.)   Unlawfully and maliciously arresting, imprisoning, detaining, prosecuting, and denying life-saving medical care to citizens, including the Plaintiff's son, Chayse Harmon, who acted within accordance of his constitutional and statutory rights, privileges, and immunities.

B.)   Conspiring to violate the rights, privileges, and immunities guaranteed to the Plaintiff's son, Chayse Harmon, including his right to life-saving medical treatment, by the United States Constitution and the laws of the United States and the laws of the State of Mississippi; and,

C.)   Depriving the Plaintiff's deceased son, Chayse Harmon, of his constitutional and statutory rights, privileges, and immunities otherwise.

*Id.* at 10-11.

The foregoing constitute conclusory assertions or legal conclusions masquerading as factual contentions, and they are not sufficient to survive a Rule 12(b)(6) challenge. *See Turner*, 848 F.3d at 685.   And to the extent they are not conclusory, the allegations against the City are improperly predicated upon a theory of *respondeat superior*, *see Piotrowski*, 237 F.3d at 578, focusing upon unnamed officers' negligence in failing to prevent any future crime from occurring and in stopping the nurse from administering life-saving medical treatment to Chayse, *see* Am. Compl. [3] at 5.   In short, there are insufficient factual details to plausibly support a finding of any unconstitutional conduct directly attributable to the City through some sort of official action or imprimatur.   *See id.*; *Piotrowski*, 237 F.3d at 578.   Nor does the Amended Complaint [3] identify a policymaker for the City who could be charged with any actual or constructive knowledge, which is also fatal to this claim.   *See Newbury*, 991 F.3d at 680; *Piotrowski*, 237 F.3d at 579.

Instead, Plaintiff relies upon isolated violations, which are not sufficiently persistent, repeated, or constant to establish a custom and policy.   *See Piotrowski*, 237 F.3d at 581.   And Plaintiff alleges merely negligent conduct, *see* Am. Compl. [3] at 5, which falls short of the deliberate indifference required to support liability, *see Valle*, 613 F.3d at 547.   To the extent the Amended Complaint [3] alleges a defective training program, such defects must be specifically alleged, *see Hutcheson*, 994 F.3d at 482, and they are not, *see* Am. Compl. [3].   Instead, the Amended Complaint [3] makes the conclusory assertion that all Defendants failed to provide OSPD officers and employees with adequate training "related to medical care and

treatment of suspects, reasonable search or investigation, [and] the appropriate use of force." *Id.* at 13.

Finally, to the extent Plaintiff contends that the City's failure to adopt a policy violated § 1983, the Amended Complaint [3] alleges that the individual Defendants' interference with Chayse receiving life-saving medical treatment was "*in contrast to* the written statements, policies, training, and procedures of the Defendants." *Id.* at 8 (emphasis added); *see also id.* at 5, 6, 7 (same). This indicates not a failure to adopt a policy, but instead that the City's policies and procedures were not followed. And even if policies were lacking, the Amended Complaint [3] does not specifically allege what policies the City failed to adopt or how any such failure amounted to an intentional choice or deliberate indifference. *See id.* This is insufficient to support § 1983 liability against the City, *see Damond*, 127 F.4th at 938; *J. T.*, 2024 WL 5118486, at *8, and Plaintiff's § 1983 claims against the City should be dismissed.

6.    Plaintiff's § 1985 and § 1986 Claims

In addition to her § 1983 claims, Counts One, Three, and Four allege that Defendants violated 42 U.S.C. § 1985. *See* Am. Compl. [3] at 9, 14. Section 1985 prohibits conspiracies to interfere with civil rights, including those "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). Section 1985(3) "criminalizes only conspiracies that involve depriving someone of 'equal protection of the laws' or 'equal privileges and

immunities under the laws,'" which "requires some form of class-based discrimination." *Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) (quoting 42 U.S.C. § 1985(3)).

The Amended Complaint [3] offers only conclusory assertions that a conspiracy existed and that its purpose was to deny Chayse equal protection of the laws. *See* Am. Compl. [3] at 9, 11.   No facts are stated to support such a contention, nor are any facts pled suggesting the presence of any class-based discrimination. *See id.*   This is insufficient, *see Turner*, 848 F.3d at 685, and the § 1985 claim against Ocean Springs Defendants should be dismissed.

Count One also claims that Defendants violated § 1986, *see* Am. Compl. [3] at 9, but a § 1986 claim must be premised on the existence of a § 1985 claim, *see* 42 U.S.C. § 1986.   "If the § 1985 claim fails, so must the § 1986 claim." *Newberry v. E. Texas State Univ.*, 161 F.3d 276, 281 n.3 (5th Cir. 1998).   Because the § 1985 claim against Ocean Springs Defendants should be dismissed, so should the § 1986 claim. *See id.*

7.   Plaintiff's State-Law Claims

The Amended Complaint [3] raises claims against Ocean Springs Defendants under state law for intentional and negligent infliction of emotional distress, general negligence, gross negligence, and vicarious liability. *See* Am. Compl. [3] at 15-21.   It also alleges violations of the Mississippi Constitution. *See id.* at 20.

a.    <u>State-Law Tort Claims</u>

Ocean Springs Defendants argue that the Mississippi Tort Claims Act, Mississippi Code § 11-46-1, et seq. (the "MTCA"), contains only a limited waiver of sovereign immunity and that the discretionary function and police protection exceptions to that waiver govern here.    *See* Mem. [16] at 10-11 (citing Miss. Code Ann. § 11-46-9(1)(c)-(d)).    Ocean Springs Defendants further maintain that the Amended Complaint constitutes an improper "shotgun pleading" that does not satisfy federal pleading standards.    *Id.* at 11-12.

*(1)    The MTCA*

"[T]he MTCA provides the exclusive remedy against a governmental entity or its employee(s) for the act or omission that gave rise to the suit."    *Johnson v. Miller*, 396 So. 3d 1137, 1141 (Miss. 2024).    It "waives immunity for claims for money damages arising out of the torts of government entities and employees while acting *within the course and scope of their employment* to the extent set forth in the MTCA."    *Id.* (emphasis in original) (quotation omitted).    But certain intentional torts are excluded from this waiver of immunity, as "torts constituting fraud, malice, libel, slander, defamation, or any criminal offense other than traffic violations are not within the course and scope of employment."    *Id.* (citing Miss. Code Ann. § 11-46-5).    Thus, "a government employee is not considered to be acting within the course and scope of his or her employment—and may be sued in his or her individual capacity—if the allegedly tortious conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations."

*Renfroe v. Parker*, 374 So. 3d 1234, 1241-42 (Miss. Ct. App. 2023), *reh'g denied* (Aug. 22, 2023), *cert. denied*, 375 So. 3d 671 (Miss. 2023)

  (2) *Intentional Infliction of Emotional Distress Claim*

  Count Eight advances a claim for intentional infliction of emotional distress based upon "[a]ll Defendants . . . intentionally and deliberately inflict[ing] emotional distress on the Plaintiff . . . ."  Am. Compl. [3] at 17.  An intentional infliction of emotional distress claim predicated on malicious conduct falls outside the scope of the MTCA's waiver of immunity.  *See Renfroe*, 374 So. 3d at 1242; *Weible v. Univ. of S. Miss.*, 89 So. 3d 51, 64 (Miss. Ct. App. 2011).  To the extent that is the case here, such claim must necessarily proceed against the officer individually, and may not proceed against the governmental entity; any claim against the City for intentional infliction of emotional distress based upon malice should be dismissed.[3]  *See Renfroe*, 374 So. 3d at 1242; *see also Johnson v. Miller*, 396 So. 3d 1137, 1141 (Miss. 2024).

  As for the individual claims against Mayor Holloway and Chief Lemaire, Plaintiff may recover if she shows "there is something about [each] defendant's conduct which evokes outrage or revulsion, done intentionally . . . ."  *Bowden v. Young*, 120 So. 3d 971, 980 (Miss. 2013) (quotation omitted).  To succeed on an intentional infliction of emotional distress claim, Plaintiff must prove:

---

[3]  To the extent the intentional infliction of emotional distress claim is not based on malice, the MTCA applies, *see Weible*, 89 So. 3d at 64, and this claim should be dismissed under the MTCA for the same reasons as the negligence-based claims.  Moreover, the Amended Complaint [3] fails to plead sufficient factual allegations to support such a claim.  *See Weaver v. Ross*, 391 So. 3d 1240, 1247 (Miss. Ct. App. 2024), *reh'g denied* (Aug. 6, 2024).

(1) the defendant acted willfully or wantonly toward the plaintiff by committing certain described actions; (2) the defendant's acts are ones that evoke outrage or revulsion in civilized society; (3) the acts were directed at, or intended to cause harm to, the plaintiff; (4) the plaintiff suffered severe emotional distress as a direct result of the acts of the defendant; and (5) such resulting emotional distress was foreseeable from the intentional acts of the defendant.

*Weaver v. Ross*, 391 So. 3d 1240, 1247 (Miss. Ct. App. 2024), *reh'g denied* (Aug. 6, 2024) (quotation omitted).

Count Eight alleges that

[a]ll Defendants herein have intentionally and deliberately inflicted emotional distress on the Plaintiff, by failing to perform critical life-saving medical care to her son, Chayse Harmon, by interfering with other parties performing life-saving medical care to Chayse Harmon which ultimately resulted in his untimely death, and by their negligent training and supervision of their employees. The Plaintiff has suffered emotional distress over the untimely death and wrongful death of her son, Chayse Harmon, due to the intentional actions and intentional inactions of the Defendants herein.

Am. Compl. [3] at 17.

Nowhere does the Amended Complaint [3] describe any actions taken by Mayor Holloway or Chief Lemaire personally, much less any that were willful or wanton, or were directed at or intended to cause harm to either Plaintiff or Chayse. *See id.*; *Weaver,* 391 So. 3d at 1247. Because these statements do not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570), Count Eight should be dismissed as to Ocean Springs Defendants.

(3)     *Negligent Infliction of Emotional Distress, General Negligence, and Gross Negligence Claims*

Relying upon the MTCA, Ocean Springs Defendants argue that the remaining state-law tort claims also fail.   *See* Mem. [16] at 9-11.   They cite discretionary function immunity under Mississippi Code § 11-46-9(1)(d) and police protection immunity under Section 11-46-9(1)(c).   *See id.* at 10-11.

Plaintiff counters that Chayse "was not engaged in any type of criminal activity.   He was simply a patron at a business who had sustained a shotgun wound and needed critical medical care."   Mem. [20] at 18.   According to Plaintiff, "John Does 1-10 (Ocean Springs Police Officers) obviously knew that a gunshot wound was serious and required urgent medical care."   *Id.*   But "instead of allowing a third-party to continue CPR, these Defendants stopped and prevented the life-saving care that the Plaintiff's son was receiving, and they did so knowing that if left untreated that there was a high probability that Chayse's wound would result in his death," which "showed a reckless disregard" for Chayse's life.   *Id.* Plaintiff cites several Mississippi cases where courts determined that "a governmental entity has waived its immunity under the MTCA by acting in reckless disregard of the safety and well-being of citizens not engaged in criminal acts."   *Id.* at 20; *see id.* at 20-22.

Section 11-46-9(1) provides in relevant part that

[a] governmental entity and its employee acting within the course and scope of their employment or duties shall not be liable for any claim:
                    *     *     *
(c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities

> relating to police . . . protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury; [or]
>
> (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused[.]

Miss. Code Ann. § 11-46-9(1)(c)-(d).

The Mississippi Supreme Court has held that "reckless disregard under Section 11-46-9(1)(c) is a higher standard than gross negligence and embraces willful and wanton conduct which requires knowingly or intentionally doing a thing or wrongful act." *Phillips v. City of Oxford*, 368 So. 3d 317, 324 (Miss. 2023) (quotations and alteration omitted). "Wantonness is a failure or refusal to exercise any care, while negligence is a failure to exercise due care." *Id.* (quotation and alteration omitted). "Reckless disregard usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow." *Id.* (quotation omitted). Courts must look to the totality of circumstances to determine whether someone acted in reckless disregard. *Id.*

First, there is no allegation that Mayor Holloway, Chief Lemaire, or any other City officer was acting outside the scope of their employment at the times alleged in the Amended Complaint [3], *see* Am. Compl. [3], and the officers were undoubtedly "engaged in the performance or execution of duties or activities relating to police . . . protection," Miss. Code. Ann. § 11-46-9(1)(c); *see* Am. Compl. [3]. Therefore, unless the officers acted in reckless disregard of Chayse's safety and well-being, sovereign immunity applies. *See* Miss. Code. Ann. § 11-46-9(1)(c).

24

But Plaintiff's tort claims for negligent infliction of emotional distress,

general negligence, and gross negligence—"by definition—do not reach the reckless

disregard standard," *Holloway v. Lamar Cnty.*, No. 2:15-CV-86-KS-MTP, 2015 WL

9094531, at \*4 (S.D. Miss. Dec. 16, 2015) (quotation omitted), meaning they cannot

overcome the MTCA's police protection exception to its waiver of immunity, *see*

Miss. Code. Ann. § 11-46-9(1)(c).   Plaintiff's state-law tort claims against Ocean

Springs Defendants premised upon any officer's negligence should therefore be

dismissed.   *See id.*; *Holloway*, 2015 WL 9094531, at \*4.[4]

(4)   *Vicarious Liability*

Count Twelve alleges that Defendants,

> in addition to their own individual liabilities, are liable for the acts and
> omissions of their employees, agents, officers, and deputies under the
> doctrine of *respondeat superior*.   The Defendants' failure to properly
> supervise and train their employees was the proximate cause of the
> Plaintiff's son's untimely and wrongful death.

Am. Compl. [3] at 20-21.

The Court has already addressed the alleged vicarious liability of Ocean

Springs Defendants and found that those claims should be dismissed.   *See, e.g.,*

Miss. Code Ann. § 11-46-9(1)(c); *Hicks*, 81 F.4th at 504; *Thompson*, 245 F.3d at 459;

*Piotrowski*, 237 F.3d at 578.   To the extent Plaintiff argues that her vicarious

liability claim in Count Twelve is premised upon more than mere negligence,

---

[4]  Dismissal would also be warranted under Section 11-46-9(1)(d).   The Amended
Complaint [3] is based upon an alleged failure to supervise or train.   *See* Am. Compl. [3].
The Mississippi Supreme Court has held that claims of negligent supervision and training
involve an element of choice or judgment and affect public policy, giving rise to
discretionary-function immunity under Mississippi Code § 11-46-9(1)(d).   *City of Clinton v.
Tornes*, 252 So. 3d 34, 40 (Miss. 2018).

meaning reckless disregard, the Amended Complaint [3] still does not adequately state a claim against any Ocean Springs Defendant upon which relief can be granted.   *See* Am. Compl. [3]; Fed. R. Civ. P. 12(b)(6).

Plaintiff generally refers to "the unlawful, deliberate, malicious, reckless, and wanton conduct of the City of Ocean Springs, Mississippi, the Ocean Springs Police Department, Jackson County, Mississippi, and the Jackson County Sheriff's Department, their officers, deputies, and other personnel." Am. Compl. [3] at 12. And in the Damages section, Plaintiff asserts that "Defendants' gross misconduct, acts and omissions, as set forth above, demonstrate actual malice or gross negligence that evinces willful, wanton, or reckless disregard for the safety of Chayse," which "warrants the imposition of punitive damages as contemplated by Mississippi Code Section 11-1-65." *Id.* at 22.

But such assertions against all Defendants collectively constitute a "shotgun pleading," asserting multiple claims against multiple Defendants without specifying which of them is responsible for which acts or omissions, or which of Defendants the claims are brought against.   *Jones v. Grapeland Indep. Sch. Dist.*, No. 24-40194, 2024 WL 4490604, at *1 n.1 (5th Cir. Oct. 15, 2024).   Moreover, these statements constitute "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Turner*, 848 F.3d at 685.   The vicarious liability claim against Ocean Springs Defendants should be dismissed.

b.      <u>State Constitutional Claims</u>

Plaintiff alleges that Defendants violated Chayse's rights under the Mississippi Constitution by depriving him of critical life-saving medical care.   Am. Compl. [3] at 20.   In seeking dismissal, Ocean Springs Defendants do not cite a specific provision of the Mississippi Constitution, nor do they specifically address these claims, instead merely advancing defenses under the MTCA.   *See* Resp. [16] at 9-11.   But the MTCA does not afford immunity for state constitutional violations.   *See Moton v. City of Clarksdale*, 367 So. 3d 979, 984 (Miss. 2023); *City of Jackson v. Jordan*, 202 So. 3d 199, 205 (Miss. 2016).   Because Ocean Springs Defendants have not adequately addressed this claim, their Motion [15] to Dismiss should be denied as to any state constitutional claims against the City, Mayor Holloway, or Chief Lemaire.

C.      <u>Whether Dismissal Should be with or without Prejudice</u>

Plaintiff has not moved to amend, but her Memorandum [20] essentially attempts to amend her pleadings.   *See, e.g.,* Mem. [20] at 22 ("In this case, it was the policy of the Ocean Springs Police Department not to call an ambulance so that the City would not have to pay the medical expenses and/or to prevent continued participation at high crime areas," and "it was and remains the policy of the Defendants to violate the Constitutional rights of parties so that the City did not have to foot the bill for the citizens' medical care"); *see also* Reply [24] at 2 ("Plaintiff relies on . . . an extremely ambitious and unfounded theory of liability regarding an alleged policy of not calling for ambulances (*a new claim* brought outside the

Plaintiff's Amended Complaint) that was advanced in a prior case by different counsel, on different facts, and ultimately dismissed." (emphasis added)).

Plaintiff has not filed a formal motion to amend, nor has she submitted a proposed amended complaint. *See* L.U. Civ. R. 7(b) ("Any written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule."); *see also* L.U. Civ. R. 7(b)(2) ("If leave of court is required under Fed. R. Civ. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading . . . ."); L.U. Civ. R. 15 (same). And the parties have not adequately addressed whether any amendment should be permitted under Rule 15(a).

Given the early stage of these proceedings and the fact that Plaintiff has only amended her pleadings once, the Court will dismiss Plaintiff's § 1983 claims against the City and her state-law tort claims against the City, Mayor Holloway, and Chief Lemaire without prejudice, with leave to reassert in a proper request to amend under the Local Rules. Plaintiff's other claims will be dismissed with prejudice.

D.    <u>Ocean Springs Defendants' Request for Sanctions or Attorney's Fees</u>

Rule 11 requires that

> [a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).   The plain language of Rule 11 indicates that the safe harbor "notice and opportunity prior to filing is mandatory."   *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995).

Under § 1988(b), a "court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."   42 U.S.C. § 1988(b).   To be considered the "prevailing party," a party must have acquired an "*enduring* change" in its relationship with the party-opposite, not a "transient victory at the threshold of an action."   *Lackey v. Stinnie*, 145 S. Ct. 659, 669 (2025) (quotations omitted) (emphasis in original).

Ocean Springs Defendants have not filed a separate motion for sanctions as required by Rule 11(c)(2) and the Local Rules; this alone warrants denial of their request.   *See* Fed. R. Civ. P. 11(c)(2); L.U. Civ. R. 7(b); *see also, e.g.*, *McMahan Jets, LLC v. X-Air Flight Support, LLC*, No. 2:10CV175-KS-MTP, 2012 WL 5606635, at *8 (S.D. Miss. Nov. 15, 2012) ("The Court declines the Utah Defendants' request for sanctions in the absence of their compliance with the preceding Rules.").   Nor is there any indication that the safe-harbor provision of Rule 11(c)(2) was followed, *see* Fed. R. Civ. P. 11(c)(2), and Ocean Springs Defendants have not sufficiently shown how they qualify as prevailing parties under § 1988(b), *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   Ocean Springs Defendants' request for sanctions or attorney's fees should be denied at this time.

III.   <u>CONCLUSION</u>

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [21] for Limited Discovery on Qualified Immunity and to Rebut Request for Sanctions filed by Plaintiff Kimberly Harmon is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [15] to Dismiss filed by Defendants City of Ocean Springs, Mississippi; Kenny Holloway; Ocean Springs Mississippi Police Department; and Ryan Lemaire is **GRANTED IN PART**, as to all of Plaintiff Kimberly Harmon's claims against Defendant Ocean Springs Police Department and as to her 42 U.S.C. §§ 1983, 1985, and 1986 and state-law tort claims against Defendants City of Ocean Springs, Mississippi; Kenny Holloway; and Ryan Lemaire.   The Motion [15] is **DENIED IN PART**, as to Plaintiff's state constitutional claims against Defendants City of Ocean Springs, Mississippi; Kenny Holloway; and Ryan Lemaire.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Kimberly Harmon's claims against Defendant Ocean Springs Mississippi Police Department, her 42 U.S.C. §§ 1983, 1985, and 1986 claims against Defendants Kenny Holloway and Ryan Lemaire, and her 42 U.S.C. §§ 1985 and 1986 claims against Defendant City of Ocean Springs, Mississippi, are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Kimberly Harmon's 42 U.S.C. § 1983 claims against Defendant City of Ocean Springs, Mississippi, and her state-law tort claims against Defendants City of Ocean Springs, Mississippi; Kenny Holloway; and Ryan Lemaire, are **DISMISSED WITHOUT PREJUDICE**, with leave to reassert in a proper request to amend under the Local Rules.   Plaintiff shall file any such motion to amend within 14 days of entry of this Order.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Kimberly Harmon's state constitutional claims against Defendants City of Ocean Springs, Mississippi; Kenny Holloway; and Ryan Lemaire, and her claims against Defendants Jackson County, Mississippi, and John Does 1-30, will proceed.

**SO ORDERED AND ADJUDGED**, this the 24th day of July, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE